IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

vs.

CHARVEZ BROOKS

Case No. ELH-18-0408
ELH-20-034

\*\*\*\*\*\*

## ORDER OF DETENTION (18 U.S.C. § 3142)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have concluded that the following facts require the detention of the defendant pending the trial of this case.

### PART I: FINDINGS OF FACT

☑ (1) This is a case in which the [government may properly seek detention] or [the court may consider ordering detention sua sponte].

☑ (2) The defendant is charged under: 18 USC 922g ; 18 USC 1951

☑ (3) The maximum term of imprisonment, if convicted, is: 30 yrs

☑ (4) Based on the government's [proffer], [evidence] there is probable cause to believe that the defendant committed the offense(s) charged.

☐ The government is entitled to a presumption under § 3142 (e) [describe in Part II].
☐ The defendant has failed to rebut this presumption [as to flight risk] or [as to danger].

☐ (5) I find, by a preponderance of the evidence, from the information produced at the hearing that there is a serious risk that the defendant will not appear.

☐ (6) I find, by clear and convincing evidence, from the information produced at the hearing that the defendant poses a risk to the safety of other persons and the community.

☑ (7) I find by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure [the defendant's presence at trial or as otherwise required] [community safety].

\* Reasons detailed on the record.

### PART II: WRITTEN STATEMENT OF ADDITIONAL REASONS FOR DETENTION

1) Def committed violent robbery resulting in serious injury to victim + firearm recovered
   Def found in possession of a second firearm
2) Def on supervision when committed offense — poor response to supervision
3) Def has history of violent criminal convictions
4) 3142(g) factors outweigh COVID concerns + defendant does not have any medical issues.

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the U.S. Marshal shall deliver the defendant for the purpose of an appearance in connection with a court proceeding.

\* No violation of 5th Amendment due process

March 27, 2020
Date

A. David Copperthite
United States Magistrate Judge