# DEFENDANT'S MEMORANDUM OF LAW

## Introduction

The defendant has been charged in a two count indictment. This motion addresses the government's effort to introduce evidence in the trial of the defendant on counts one and two. Count one alleges a conspiracy to commit a Hobbs Act Robbery. This count names two of the three defendants alleged to have been involved in the robbery.[1] Count two of the indictment charges the defendant with a substantive count of a Hobbs Act Robbery The government alleges that " on or about January 16, 2018" that Mr. Brooks and the other defendant(s) allegedly engaged in the acts that are the subject of the indictment, a robbery of an Exxon gas station. Count 1, ¶ 2.

In the course of the disclosure of discovery, and as noted on an Exhibit List,[2] the government seeks to introduce in its case-in-chief evidence that pertains to unrelated events involving Mr. Brooks' acts and/or behavior not directly related to the alleged robbery. Specifically the government intends to introduce Body Worn Camera video from an August 18, 2017, traffic stop conducted by the Baltimore County police, still photographs from that traffic stop, stock photos of a 2003 Infiniti G35, Instagram Excerpts, an Instagram Video and Instagram Video stills. It is not known to what extent the government seeks to introduce the content of Instagram evidence. In the course of reviewing the discovery counsel has been able to identify approximately 4434 Instagram documents. Further, at the time of the detention hearing the

---

[1] A third individual, Jesse James Elder, has entered a guilty plea in the original indictment filed in this matter for the robbery set forth in Mr. Charvez's indictment. Mr. Elder's criminal matter is ELH-18-0408-1. Mr. Elder has not been sentenced. The other named defendant in the Superseding Indictment, Levon Verian Butts, has pled guilty in this matter. Mr. Butts has not been sentenced.

[2] Undersigned counsel was appointed as substitute counsel in this matter. Prior to the appointment of counsel the case had been in trial posture, including the government providing the defendant with an Exhibit List.

government mentioned a video suggesting that Mr. Brooks had a firearm in his possession. It appears that the video referenced at the detention hearing in contained on an MP4 file. It is uncertain if the government intends to use this video clip as evidence in its case-in-chief.

Argument

The defendant requests that the Court order that the government be precluded from introducing any evidence in its case-in-chief pertaining to the above-referenced information. The August 18, 2017 traffic stop was for an event unrelated to the charges filed in this matter. Although not clear as to what documents, videos or stills that the government will seek to introduce from the defendant's Instagram account, none of the material reviewed by counsel is appropriate for introduction in the government's case-in-chief. A stock photo of a Infiniti G35 is expected to be used by the government to allege that the defendant was operating such a vehicle at the time of the alleged robbery. There is no known photo of the actual vehicle that was seen fleeing from the Exxon gas station where the robbery occurred. The government's selection of a stock photo should not be permitted since in the course of the discovery it appears that there were various descriptions of the color of the vehicle that was scene fleeing from the Exxon gas station. The objection to the stock photograph is as to relevance and materiality. The objections to the other items is set forth in the body of this memorandum.

Federal Rule 404(b) provides:

> **(b) Other crimes, wrongs or acts.** Evidence of other crimes wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial, if the court excuses pretrial notice on good cause shown, of the general evidence of any such evidence it intends to introduce at trial.

In Huddleston v. United States, 485 U.S. 681 (1988), the Supreme Court held evidence

4

of other acts is relevant "only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 689. The Court indicated that the protection from unfair prejudice emanates from four sources: (1) that the evidence be offered for a proper purpose; (2) that the relevancy requirement of Rule 402 be satisfied; (3) that the trial court make an assessment pursuant to Rule 403 whether the probative value of similar acts evidence is substantially outweighed by its potential for unfair prejudice; and, (4) the protection offered by Rule 105, which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. Huddleston, 485 U.S. at 691-92.

The Fourth Circuit has evolved a test for evidence proffered pursuant to Rule 404(b). Under Rule 404(b) prior bad acts are admissible if they are (1) relevant to an issue other than character; (2) necessary, and (3) reliable. United States v. Rawle, 845 F. 2d 1244, 1247 (4th Cir. 1988). Evidence that passes this test is not automatically admissible, however, Rule 403 requires the trial judge to determine that its probative value outweighs the danger of undue prejudice to the defendant. Id.

Under the doctrine in Rawle, the Court must begin by considering what, if any, relevance the challenged testimony bears to the issue for which it was offered. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. " In order for evidence to be relevant, it must be sufficiently related to the charged offense." Rawle, 845 F. 2d at 1247 n. 3.

A plea of "not guilty" to a charge requiring intent places that mental state in issue and that the government may offer evidence of other bad acts to address that issue. United States v. Mark, 943 F. 2d 444, 448 (4th Cir. 1991).This principle, however, does not permit any sort of

5

uncharged bad act to be brought to bear against defendants charged with intentional crimes. Most crimes involve some level of intent, but all evidence of other intentional acts or crimes does not for this reason become relevant. Evidence to show intent is not admissible when the unrelated bad act is "tenuous and remote in time from the charges in the indictment." United States v. Cole, 491 F. 2d 1276, 1279 (4th Cir. 1974). For example, evidence of a prior stabbing by the defendant is not relevant to show intent in a later encounter with a different victim when the defendant admitted stabbing the victim, but pleaded self-defense. United States v. Sanders, 964 F. 2d 295, 298-99 (4th Cir. 1992).

The defendant argues that the use of Instagram videos, as well as stills, that do not appear to be dated, are both tenuous and remote in time from the charges in the indictment, and as such, should be excluded from being introduced during the government's case-in-chief. Further, the sole purpose of offering this information is to inflame the passion of the factfinder, and has no relevant or material value to the alleged offense. The use of the Body Worn camera footage from the August 18, 2017 traffic should be excluded for the same reasons.

Although it is anticipated that the government will argue that the admissibility of the alleged prior acts (or behavior) is permissible because such actions are relevant, the government cannot successfully sustain the requirement that the alleged prior bad acts (or behavior) are necessary, as required by the Rawle test. Necessity is the second part of the test. In some sense all evidence that tends to make conviction more likely is necessary. But, such an easy analysis is not permitted by the prevailing case law. The Fourth Circuit requires a more sophisticated inquiry: "The evidence is necessary and admissible where it is an essential part of the crimes on trial or where it 'furnishes part of the context of the crime.'" Rawle 845 F. 2d at 1247 n. 4, quoting United States v. Smith, 446 F. 2d 200, 204 (4th Cir. 1971). The government cannot satisfy this prong of the test in regard to the evidence that they seek to introduce in this case.

Regardless of the outcome of the Court's assessment pursuant to the Rawle test, the defendant argues that the evidence offered by the government is inadmissible because is more prejudicial than probative.

Federal Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"The prejudice which the rule is designed to prevent is jury emotionalism or irrationality." United States v. Greenwood, 796 F. 2d 49, 53(4th Cir. 1986). A court should exclude evidence when "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Masters, 622 F. 2d 83, 87 (4th Cir. 1980).

Again, the defendant is unaware of why the government asserts that the noted Body Worn footage, Instagram videos and stills should be permitted to be introduced in the government's case-in-chief. The admission of evidence that is remote in time, and not resulting in a fully adjudicated case, demand that the Court exclude evidence of these acts from the government's case-in-chief.

The government seeks to introduce specific, and unspecified acts of the defendant to prove nothing more than the government's belief of the defendant's propensity to commit crime, or act in a manner that suggests a propensity for criminal activity, the goal specifically condemned by Rule 404 and numerous Federal decisions.

In United States v. Queen, 132 F.3d 99 (4th Cir. 1997), the Court determined that there is a need for further analysis. And although the decision itself was favorable to the government, there is plenty of carefully drafted language in the opinion which should raise the concern of this Court and cause concern to the government. Thus, cognizant of the persistent problems with

7

recurring Rule 404(b) appeals, the Fourth Circuit carefully discussed and defined "prejudice," paused to condemn the abuses of the Rule in emphasizing criminal defendants' character, and focuses on the dangers of the indiscriminate and unrestricted application of the Rule. The Court's language speaks for itself:

> The exception to admissibility under Rule 404(b) prohibits proof of the defendant's character to show conduct in conformity therewith because evidence of a person's character supplies an inadequate causal link between it and the specific conduct sought to be established. The fact that totally different types of conduct may follow from a single type of character leaves proof of character too general, ambiguous, and uncertain to prove specific conduct. But the realization does not disqualify evidence of earlier specific states of mind from proving a later similar state of mind. Thus, just as Federal Rule of Evidence 406 recognizes the probative value of repetitive conduct, authorizing the admission of evidence about habit and routine practice, Rule 404(b) recognizes the probative value of willful states of mind. However, because of the complex and difficult distinction between evidence of character and evidence, for example, intent or motive, the broad discretion generally given to trial judges in regulating the admissibility of evidence is, under Rule 404(b), more restricted. *Id.* At 995

> The principal danger that Rule 404(b) targets is addressed by the language of the rule itself - that defendants not be convicted simply for possessing bad character. See Michelson v. United States, 335 U.S. 475-76, 69 S.Ct. 213, 218-19, 93 L.Ed. 168 (1948)(explaining propensity evidence is excluded because it might "overpersuade" a jury and cause them to "prejudge one with bad general record"); Wigmore on Evidence § 58.2 at 1215 (Tilers rev. 1983)(noting the concern courts have felt over "the overstrong tendency to believe the accused guilty of the charge merely because he is a likely person to do such act"). This danger is compounded by the idea that juries might face defendants whom the government has brought fourth merely because it has "rounded up the usual suspects" who have a history of prior bad acts. (FN4)

> FN4. The archetype of this practice appears at the conclusion of the movie *Casablanca* where police Captain Louis Renault, in attempting to demonstrate a response to the politically sensitive murder of Major Strasser, simply instructs his deputies to "round up the ususal suspects>"

> There are two other dangers that Rule 404(b) addresses. First, it protects against juries trying defendants for prior acts rather than charged ones, and guards against juries becoming confused by the purpose of the admitted acts and using the acts improperly in arriving at a verdict. See Michelson, 335 U.S. at 475-76, 69 S.Ct. at 218-19; *Wigmore* supra. At 1215 (noting "the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from

other offenses.") The other is trial by ambush.[3]

Distilled to its essence, it appears that the government's proposed 404(b) effort is nothing more than a effort to disguise propensity to commit criminal acts by suggesting that it is necessary to prove intent and knowledge. The government seeks to obtain a conviction based on the defendant's alleged conduct and purported misdeeds, or behavior, by resorting to propensity evidence, so frequently condemned by the courts.

WHEREFORE, for the reasons set forth in this memorandum of law, the defendant respectfully requests that this Honorable Court preclude the government from introducing the referenced evidence in the case-in-chief.

Respectfully submitted,

_____-s_____
Joseph Murtha

---

[3] In light of the government's pretrial request to introduce other crimes evidence there is no need to further address the issue of "trial by ambush."