# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ELH-18-0408 |
| | * | |
| CHARVEZ BROOKS, | * | |
| a/k/a "Vito," | * | |
| | * | |
| Defendant | * | |
| | * | |

## JOINT PROPOSED VOIR DIRE

The United States of America respectfully requests that the Court conduct the following questioning of prospective jurors, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure:

This is a criminal case. The Superseding Indictment charges the defendant, Charvez Brooks, with Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery, as well as aiding and abetting these same crimes. These charges arise out of a robbery that is alleged to have occurred at the Exxon gas station at 10540 Reisterstown Road in Owings Mills, in Baltimore County, Maryland on January 16, 2018.

1. Have you read or heard anything about this case or the defendant from any source whatsoever? If so, have you formed an impression or opinion as to the merits of this case?

2. Would that opinion prevent you from maintaining an open, impartial mind until all of the evidence is in and the instructions of the Court are given?

3. Do any of you know, or have you had any dealings with the defendant, Charvez Brooks?

4. Do you know, or have you had any dealings with, any friends, associates or members of the family of the defendant?

1

5. Do you know, or have you had any dealings with, any of the following persons or members of their families?

    a. The presiding judge, Ellen L. Hollander?

    b. Counsel for the United States of America, Assistant United States Attorneys Lauren Perry and Anatoly Smolkin?

    c. Special Agent Rebecca Tomlinson of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)?

    d. Counsel for the defendant, Joe Murtha?

    e. The following people who may be witnesses in the case or who may be mentioned by various witnesses: (*A list of names will be provided prior to jury selection*.)

6. Have you served on a jury panel where any party was represented by any of the lawyers in this case?

7. Do you know the United States Attorney for the District of Maryland, Robert K. Hur, or any of the Assistant United States Attorneys, or other employees of the United States Attorney's Office?

8. Have you or any member of your family ever been employed by any law enforcement agency (state or federal), or employed by any law firm, investigative agency, or other business that provides services to persons charged or convicted of a crime?

9. Have you, any member of your immediate family, or any of your close friends ever been involved in any legal dispute with any federal, state, or local government, or any agency thereof? If so, what was the nature of the dispute? Would that experience affect your ability to act impartially in hearing this case?

10. At the end of the next series of questions, I am going to ask that each person who has an affirmative answer to one or more of them stand and come to the bench. Please do not rise until all of the questions have been asked.

    a. Have you, any member of your family or any of your close friends ever been the victim of a crime?

    b. Have you, any member of your family or any of your close friends ever been charged, arrested, accused, or convicted of criminal conduct or ever been the subject of a criminal investigation?

    c. Have you, any member of your family or any of your close friends ever been a witness to a crime?

    d. Have you, any member of your family or any of your close friends ever been a witness for the prosecution or the defense in a criminal case?

If any of you have a "yes" answer to any or all of these questions, please stand and you will be permitted to answer up here at the bench where other members of the panel cannot hear you.

11. Have you, anyone you know well, or any members of your family ever been investigated by any law enforcement agency, be it federal, state, or local? If any of you have a "yes" answer to this question, please stand; you will be permitted to answer at the bench, where other members of the panel cannot hear you.

QUESTIONS AT BENCH:

    a. How long ago?

    b. What was the nature of [your/your family member's/your friend's] experience?

    c. How was the matter resolved?

    d. How did you feel the police officers' treatment of [you/your family member/your friend]?

    e. Do you hold any grudges against the government, against the police officers, or anyone connected with the investigation?

12. Have you, any member of your immediate family, or close friends ever attended a law school or worked for a lawyer? If so, what type of law did you or the lawyer practice?

13. Have you ever served as a juror at the trial of a criminal case in either state or federal court? If so, in what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial? Did anything happen during your prior jury service that would influence you in any way in deciding this case? Were any of the parties to the case represented by any of the attorneys involved in this case?

14. Considering the nature of the charges against the defendant, do you have any feelings about violent crimes or the government's enforcement of such crimes that may cause you to be unable to fairly and impartially judge the evidence in this case?

15. Do you understand that some of the criminal investigative techniques portrayed in books, newspapers, movies, or TV shows—such as *CSI* or *Law and Order*—may be fictional, or unreasonable, or inapplicable, given the circumstances of a particular case? As jurors, you must make a determination based solely on the evidence presented to you here in court, and you must not use anything that you have read about or have seen on TV or the movies in reaching your decision in this case. Will you be able to do that?

16. Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the reduction or increase in prison sentences for violent offenses?

17. You will be instructed not to use the computer or internet to research issues that arise in this case, legal or otherwise. Will you promise to do so?

18.     Do you know anyone else on the panel? Would that relationship affect your ability to be fair and impartial and consider the evidence individually?

19.     Do you have any attitudes or feelings with regard to other racial, ethnic, or religious groups, or with regard to persons who have a different national origin or speak a language other than English, that might affect your ability to serve fairly and impartially as a juror in this case?

20.     Do you have any reservations or opinions about prosecutors, law enforcement agents, other law enforcement personnel, defense attorneys, and/or defense investigators that would prevent you from rendering a fair and impartial verdict in this case?

21.     During this trial, law enforcement officers may be testifying. Would you tend to give greater or lesser weight to the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

22.     During this trial there may be witnesses offered by the defense. Would you tend to give greater or lesser weight to the testimony of a defense witness simply because he or she is a defense witness?

23.     Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

24.     Does anyone on the panel, because of cultural, moral, religious or other beliefs, feel that they could not stand in judgment of another individual, or would otherwise have difficulty being a juror in a case such as this?

25.     At the end of this trial, the judge will instruct you on the law which must be followed in this case.

    a.     If you personally did not agree with the law as described by the judge, would you hesitate to follow—or be unwilling or unable to follow—the judge's instructions on the law?

b. If you had an opinion on what the law should be, and your opinion was different from the judge's instructions on what the law is, would you hesitate to follow—or be unwilling or unable to follow—the Judge's instructions on the law?

c. Under our Constitution, there is a presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt. Would you have any difficulty applying this presumption?

d. The burden rests with the prosecution to prove each and every element of an offense beyond a reasonable doubt. Under the law, a defendant in a criminal case is not required to explain his or her side of the case and has an absolute right not to testify. If a defendant decides not to testify, you will not be able to consider that fact for any purpose. Do any of you have questions about these principles or have any problem applying them?

26. It is estimated that the trial of this case will take 1 week to complete:

a. Are there any personal, family or other considerations which would make it difficult for you to serve as a juror in this case?

b. Are you presently taking any medication which might make you unable to give your full attention to the evidence presented?

c. Do you suffer from any physical condition which would prevent you from sitting as a juror for a long period of time, or which would make it uncomfortable or painful for you to do so?

d. Do you have any impairment of your vision or hearing which may make it difficult for you to see and hear the witnesses during the trial?

27. Do you know of any reason why you could not sit with absolute impartiality to both sides as a juror in this case?

Respectfully submitted,

Robert K. Hur
United States Attorney

\_\_\_\_/ss/_____
Lauren E. Perry
Anatoly Smolkin
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4806