## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                          |   |                          |
|--------------------------|---|--------------------------|
| **UNITED STATES OF AMERICA** | * |                          |
| **v.**                   | * | **CRIMINAL NO. JKB-18-0408** |
| **CHARVEZ BROOKS,**      | * |                          |
| **Defendant**            | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \*

### JURY VOIR DIRE

Good Morning, Ladies and Gentlemen:

You have been brought to this room to participate in the selection of a jury that will hear and decide a criminal case. In this case, a grand jury has indicted a defendant and charged him with the commission of the crimes of robbery and conspiracy to commit robbery, as well as aiding and abetting those same crimes. The offense is alleged to have occurred on or about January 16, 2018, at the Exxon gas station at 10540 Reisterstown Road in Owings Mills, in Baltimore County, Maryland. The defendant has entered a plea of "not guilty" to the charges.

I am now going to ask you a series of questions. Your answers to these questions will aid me in the process of selecting the persons who will serve as jurors in this case. Please listen carefully to the questions and follow along on your answer sheet. Please stop right now and write your juror number in the spaced indicated on your answer sheet. Then, as I read the questions, please write down whether you have a "yes" or "no" answer to each question posed. If your answer is "yes", you may wish to make a note or two on the answer sheet that begins to explain your positive response. After I have asked all of my questions, you will be brought one-by-one to the courtroom where I will be given your answer sheet and we will discuss your answers. Once you

are in the courtroom, only I, court staff, the parties, and the lawyers, will be present, and no one else will hear the answers you provide. We are ready to begin with the questions:

1. My name is James K. Bredar. I am the judge who will preside during the trial of this case. Do you know me or any member of my family?

2. This case is styled, or titled: "The United States of America v. Charvez Brooks, Case No. JKB-18-0408." Have you ever read or heard of this case?

3. The defendant in this case is Charvez Brooks. Do you know, or have you had any dealings with the defendant, Charvez Brooks, or to your knowledge, any member of his family or his friends or associates?

4. Mr. Brooks is represented by Mr. Joseph Murtha, who practices law in the firm of Murtha, Psoras, and Lanasa LLC. Do you know or have you had any dealings with either Mr. Joseph Murtha or his law firm?

5. The United States Government is represented by Assistant United States Attorneys Lauren Perry and Anatoly Smolkin. Do you know or have you had any dealings with Ms. Lauren Perry or Mr. Anatoly Smolkin?

6. The United States Government was assisted in the investigation in this case by Special Agent Rebecca Tomlinson of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Do you know or have you had any dealings with Ms. Rebecca Tomlinson?

7. Are you, any member of your family, or any of your close friends related to any judge, law clerk, or court personnel of this federal Court, the U.S. District Court for the District of Maryland?

8. The following people may be witnesses in this case or may be mentioned by witnesses. Do you know any of these persons?

    [insert names from witness lists]

9. Do you know any of the other potential jurors in this case?

10. Some of you may have previously served as jurors in the trials of criminal or civil cases, in either state or federal court. If you are selected to serve in this case, it will be your obligation to put aside and not be influenced by anything that happened when you served as a juror in an earlier case. If you have previously served as a juror, is there anything about that prior experience that would make it difficult for you, or that would influence you in your deliberations, if you served as a juror in this case?

11. Similarly, some of you may have previously served on a grand jury in either state or federal court. If you are selected to serve in this case, it will be your obligation to put aside and not be influenced by anything that happened when you served on a grand jury. If you have previously served on a grand jury, is there anything about that prior experience that would make it difficult for you, or that would influence you in your deliberations, if you served as a juror in this case?

12. A few minutes ago, I provided a very brief description of this case. Is there anything in that brief description that made you realize it would be difficult for you to keep an open mind and to serve as a fair and impartial juror in the trial of this case?

13. Do you know Robert K. Hur, the United States Attorney for the District of Maryland, any of the Assistant United States Attorneys for this district, or any other employees of the United States Attorney's Office?

14. Have you or has any member of your immediate family or any of your closest associates ever been employed by the United States Department of Justice, the Office of the State's Attorney, the Maryland State Attorney General's Office, or any state, local, or federal law enforcement agency?

15. Have you, any member of your immediate family, or any of your closest associates ever worked for a private agency or company with police, security, or investigative functions, such as a private investigative firm or a company that provides security services?

16. Have you, any member of your immediate family, or any of your closest associates ever been employed by a state or federal court, the Federal Public Defender, a state public defender, a private criminal defense attorney, or a court-related agency such as a Sheriff's Office, Clerk's Office, Probation and Parole Office, United States Marshal's Office, Pretrial Services, bail agency, or similar department or organization?

17. Have you or has any member of your immediate family or your closest associates ever been involved in a legal dispute with the government, with a law enforcement agency, or with any specific law enforcement officer or agent?

18. Have you or has any member of your immediate family or your closest associates ever been the victim of a crime?

19. Have you or has any member of your immediate family or your closest associates ever been a witness to a crime?

20. Have you, or has any member of your immediate family or your closest associates ever been accused of criminal conduct, been the subject of a criminal investigation, or been convicted of committing a crime?

21. Have you, any member of your immediate family, or your closest associates ever been a witness for the prosecution or for the defense in the investigation or the trial of a criminal case?

22. Do you hold any beliefs related to race, color, religion, national origin, or other personal attributes that would make it difficult for you to render a fair and impartial verdict based solely on the evidence and the law?

23. Have you or has any member of your immediate family or your closest associates ever attended law school, studied the law or criminal justice, or had legal training?

24. Do you hold any philosophical, religious, or moral views that would prevent you from judging the conduct of another person?

25. Do you have any views concerning the administration of the criminal justice system, including the courts, that would affect your ability to render a fair and impartial verdict if you were selected to serve as a juror in this case?

26. Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the question of whether prison sentences for violent offenses should be lengthened or shortened?

27. Would you tend to give greater or lesser weight to the testimony of a law enforcement officer or agent simply because that person was a law enforcement officer or agent?

28. Would you tend to give greater or lesser weight to the testimony of a defense witness simply because that person was a defense witness?

29. The defendant may choose to testify or may exercise his constitutional right not to testify. If he elects not to testify, that cannot be held against him or even considered

by you in your deliberations. Would the defendant's decision to testify or not to testify affect your ability to be fair and impartial in serving as a juror in this case?

30. Do you believe that just because a defendant has been indicted, he or she must be guilty of something?

31. A defendant is presumed innocent unless and until a jury unanimously finds him guilty beyond a reasonable doubt. Are you unable to accept that principle?

32. At the end of the trial, I will instruct the jury on the law that they must follow as they decide this case. Jurors must follow the court's instructions on the law, even if they personally do not agree with the law as the court describes it. If a juror has an opinion about what the law should be, but that opinion is different from the judge's instructions on what the law is, the juror is required to follow the judge's instructions. If selected to serve as a juror, would you be <u>unable</u> to follow my instructions on the law?

33. Do you have any hearing or sight impairment?

34. Do you have any difficulty reading, writing, or understanding the English language, such that it would impair your ability to understand what you hear in court or such that it would impair your ability to read any documents submitted as evidence?

35. I anticipate that this trial will last approximately one week. Do you have any medical, physical, or other condition or reason that would make it difficult for you to give your full attention and fair, impartial, and complete consideration if you were selected to serve as a juror in this case?

36. If you are selected as a juror in this case, you will be required to decide this case solely based on the sworn testimony you hear from witnesses in this courtroom and any exhibits that are presented to you as evidence. You will be forbidden from looking for

or considering information that is potentially available from other sources. During the trial, you may not communicate with others about the trial or discuss it with family, friends, or anyone else. This includes online discussions, chat rooms, or postings on "blogs" or on Internet sites such as Facebook, Twitter, YouTube, Snapchat, Instagram, or similar means of communication. You may not do any personal research of your own about the case, the attorneys, the parties, or the issues in the case. This includes Internet research of any type, whether on a cell phone, smartphone, tablet, laptop, or other device. For instance, during the trial, you may not Google™ any of the persons, facts, or subjects that you hear about in the case. As well, you may not consult any printed material including books, dictionaries, encyclopedias, newspapers, or magazines. Are you <u>unable</u> to abide by these restrictions if you are selected as a juror in this case?

37. Do you have an underlying medical condition that puts you at a higher risk of developing serious health complications from COVID-19?

38. Do you live with or provide direct care for a person of any age with an underlying medical condition that puts them at a higher risk of developing serious health complications from COVID-19?

39. Do you have concerns related to COVID-19 that are so significant that they would prevent you from being able to give your full attention during this trial?

40. Is there <u>anything else</u>—something that I have already asked you about or something that I have not asked you about—that upon reflection you believe would interfere with your ability to serve as a fair and impartial juror in this case?