IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

     v.      *

                               **CRIMINAL NO. JKB-18-0408**

**CHARVEZ BROOKS,**      *      **CIVIL NO. JKB-24-0557**

     **Defendant.**      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Charvez Brooks was charged with Conspiracy to Commit Hobbs Act Robbery and Hobbs

Act Robbery. (ECF No. 30.) His case proceeded to trial, and the jury found Brooks guilty of the

conspiracy count, but not of the substantive count. (ECF No. 136.) The Court sentenced Brooks

to 124 months' imprisonment, followed by three years of supervised release. (ECF No. 186.)

Pending before the Court is Brooks' Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF

Nos. 245, 248.) The Government has filed a Response in Opposition (ECF No. 255), and the Court

has afforded Brooks an opportunity to file a reply. He has not done so, and the time for doing so

has passed. For the following reasons, Brooks' Motion will be denied.

### I.   Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds

"that the sentence was imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a §

2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the

evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must

hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

## II. Analysis

Brooks raises four grounds in support of his Motion. The Court reviews each in turn below. None are availing, and the Motion will be denied.

### A. Ineffective Assistance of Counsel

Brooks first raises an ineffective assistance of counsel claim. He alleges that he received ineffective assistance of counsel because his attorney "did not file a Rule 30 after [he] was found not guilty of the substantial charge of Hobbs Act." (ECF No. 248 at 4.) The Court presumes that Brooks refers to Federal Rule of Criminal Procedure 33, which provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[1]

As an initial matter, the Fourth Circuit considered and rejected this argument. *See United States v. Brooks*, No. 21-4569, 2023 WL 20874 (4th Cir. Jan. 3, 2023), *cert. denied*, 143 S. Ct. 834 (2023). Brooks is not permitted to relitigate that question in the instant proceeding. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[Defendant] will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court"); *United States v. Roane*, 378 F.3d 382, 398 n.7 (4th Cir. 2004) ("[D]efendant cannot relitigate [in a § 2255 motion] issues previously rejected on direct appeal.") (citing *Boeckenhaupt*, 537 F.2d at 1183).

Even setting aside that he cannot raise this argument, Brooks' argument does not provide a basis for granting his Motion. To obtain relief under § 2255 on a theory of ineffective assistance

---

[1] Rule 30 relates to jury instructions, and does not appear applicable to the arguments at hand.

of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and internal quotation marks omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Brooks appears to believe that, because the jury found him not guilty of Hobbs Act robbery and guilty of conspiracy to commit Hobbs Act robbery, his counsel was deficient for failing to file a Rule 33 motion. The Court disagrees: the verdict merely reflected that the jury unanimously concluded that there was proof beyond a reasonable doubt that Brooks joined in the conspiracy to commit the robbery, but not that he committed the robbery. These are two distinct offenses with distinct elements, and this verdict is not inconsistent. It is entirely reasonable for the jury to convict on a conspiracy count and not on a substantive count.[2] Under these circumstances, there is no deficient performance in failing to file a Rule 33 motion, which would have—as discussed below—been denied. Further, the Court cannot "second guess" "reasonable strategic decisions." *See United States v. Mayberry*, 341 F. App'x 859, 862 (4th Cir. 2009) (citing *Williams v. Kelly*, 816 F.2d 939, 949–50 (4th Cir. 1987)).

---

[2] Even if the verdict had been inconsistent, it does not follow that the Court would grant a Rule 33 motion. *See United States v. Perry*, 335 F.3d 316, 322 (4th Cir. 2003) (explaining that even "assuming the verdict was inconsistent, a defendant cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count"); *United States v. Humphries*, 32 F. App'x 90, 91 (4th Cir. 2002) ("Even assuming the verdicts were inconsistent, such inconsistency provides no basis for vacating a verdict or ordering a new trial."); *United States v. Green*, 599 F.3d 360, 369 (4th Cir. 2010) ("[I]t has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts.").

3

Brooks likewise fails to show prejudice. Had his counsel filed such a motion, it would have been denied. Rule 33 motions are granted only sparingly. *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) ("District courts should grant new trials based on the weight of the evidence only in rare instances."). As laid out more fully in the Government's briefing (*see* ECF No. 255), the evidence at trial supported the jury's determination, a fact that the Court made clear at sentencing. (*See* ECF No. 203 ("I don't think any Court could reasonably conclude that, applying the appropriate standard, there wasn't sufficient evidence to support the verdict in the case.").)

### B.    Prosecutorial Misconduct

Brooks next argues that the prosecutor engaged in prosecutorial misconduct when she allowed "four different cooperation agreements to be signed as well as monetary payment to the informant before trial." (ECF No. 248 at 4.)  This argument fails.

Critically, this argument is procedurally defaulted. The failure to raise a claim on direct appeal constitutes a procedural default barring its presentation in a § 2255 petition, unless the petitioner can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Brooks did not raise this argument on appeal (*see* ECF No. 248 at 2), and he has not argued (let alone demonstrated) cause and prejudice or actual innocence. Even if it were not procedurally defaulted, this argument fails. There is nothing improper about the Government's calling a cooperating defendant to testify at trial; indeed, cooperating defendants testify with some regularity in federal trials.

### C.    Amendment 821

Brooks next argues that he should receive a reduced sentence pursuant to Amendment 821. (ECF No. 248 at 5.) As an initial matter, a § 2255 motion is not the appropriate vehicle for such

4

an argument. *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) ("[G]uideline claims ordinarily are not cognizable in § 2255 proceedings."); *Graham v. United States*, Crim. No. 14-00085-RBH-17, 2017 WL 3706222, at *2 (D.S.C. Aug. 28, 2017) ("A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on subsequent amendments to the Sentencing Guidelines. A motion for sentence reduction based on a Guidelines amendment should be filed under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255." (citing *Goines*, 357 F.3d 469 at 477–81).)

In any event, Brooks' argument fails on the merits. As is relevant here, Amendment 821 is a multi-part amendment, and Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

Pursuant to Amendment 821, Brooks' criminal history points would have totaled 12 points, (rather than 13 points), which would result in criminal history category of V, not VI. With a total offense level of 26 and a criminal history category of V, his Guidelines range would therefore be 110 to 137 months (as opposed to 120 to 150 with a criminal history category of VI).

Brooks' 124-month sentence is within the Guidelines range either way, and the Court concludes that it remains the sentence that is sufficient but not greater than necessary to achieve the 18 U.S.C. § 3553(a) sentencing purposes. The Court's evaluation of those factors at sentencing (*see* ECF No. 203 at 76–87) remains unchanged.

### D. Amendment 826

Brooks' final argument is that the Court "sentenced [him] to acquitted conduct after [he] was found not guilty of Hobbs Act Robbery" and that he was "not sentenced as if [he] was found not guilty." (ECF No. 248 at 5.) His argument appears to refer to Amendment 826 to the

Sentencing Guidelines. As with his Amendment 821 argument, such argument is not cognizable in a § 2255 motion. And, on the merits, his argument fails.

Amendment 826 modified U.S.S.G § 1B1.3. The relevant conduct rule of U.S.S.G. § 1B1.3 describes the conduct a sentencing court can consider in determining the guideline range applicable to a defendant. Amendment 826 added subsection (c), which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court unless such conduct also establishes, in whole or in part, the instant offense of conviction."

Amendment 826 by its terms applies only to determining the Guidelines range. *See* U.S.S.G. § 1B1.3 (entitled "Relevant Conduct (Factors that Determine the Guideline Range)"). Furthermore, the Sentencing Commission's commentary on the Amendment provided that "nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3661." 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, while Amendment 826 prohibits the consideration of acquitted conduct in determining the Guidelines range, nothing in Amendment 826 precludes the Court's consideration of conduct in assessing the § 3553(a) factors.

Here, the Court concluded that the conviction for Hobbs Act conspiracy was sufficient for determining the Sentencing Guidelines adjustments without consideration of the Hobbs Act robbery count. As the Court explained at sentencing:

> The client stands before the Court, found guilty of the crime of Hobbs Act conspiracy, indisputable . . . . And as far as the guidelines are concerned, there's really no distinction between whether someone is convicted of the substantive robbery or a conspiracy to engage in the robbery.

(ECF No. 203 at 21.) The Court then went on to explain:

6

> I computed the guidelines a few moments ago. The guidelines, for the reasons that
> came out in the colloquy with counsel, merely require the Court to determine
> whether or not the defendant participated in a conspiracy to commit robbery. The
> jury verdict tells us that much, and I simply acknowledge that verdict and join that
> finding of the jury, that the defendant did participate in the robbery. And then I
> made the additional finding with respect to the magnitude of the injury.

(ECF No. 203 at 47–48.) The Court considered Brooks' participation in the robbery itself only

with respect to the § 3553(a) factors. (*See, e.g.*, *id.* at 48–52.)

Accordingly, Brooks is not entitled to any relief pursuant to Amendment 826.

## III.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the

Court is required to issue or deny a certificate of appealability when it enters a final order adverse

to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from

the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of

appealability will not issue absent "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner

satisfies this standard by demonstrating that reasonable jurists would find the court's assessment

of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El

v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a

certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and (2) that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and

quotation marks omitted). Brooks does not satisfy the above standards. Accordingly, a certificate

of appealability will not issue.

7

IV.    **Conclusion**

For the foregoing reasons, Brooks § 2255 Motion (ECF Nos. 245, 248) is DENIED and a

certificate of appealability SHALL NOT ISSUE.


DATED this ___14___ day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

8